70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wlodzimierz KURYLOWICZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70496.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 4, 1995.
 
 Before: WRIGHT, FERNANDEZ and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The BIA did not set out its own independent analysis of the facts, so we have reviewed both its decision and the IJ's. Castillo v. INS, 951 F.2d 1117, 1120 (9th Cir.1991); Capos-Granillo v. INS, 12 F.3d 849, 852 (9th Cir.1993). We review to determine whether there was substantial evidence on the whole record to support the decision, Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To prevail on a petition for withholding of deportation, an alien must "establish a clear probability of persecution to avoid deportation" under 8 U.S.C. Sec. 1253(h). INS v. Stevic, 104 S.Ct. 2489, 2492 (1984). To be eligible for asylum under 8 U.S.C. 1158(a), an alien must demonstrate a well-founded fear of persecution and need not prove it is more probable than not that he will be persecuted. INS v. Cardoza-Fonseca, 107 S.Ct. 1207, 1222 (1987). Since the asylum standard is less stringent than the withholding standard, we review the findings of the BIA under the "well-founded fear" standard. Acewicz, 984 F.2d at 1062.
 
 
 3
 Petitioner argues that the Immigration Judge and the Board of Immigration Appeals failed to take account of the facts showing his persecution at the hands of the Polish government because of his political beliefs. The record does not support this proposition. The BIA said that it reviewed the record, and agreed with the IJ's statement of the facts and his conclusion. The IJ's decision shows that he considered petitioner's testimony about his persecution, found his background testimony reasonable but his testimony about persecution conclusionary and speculative. The IJ thought that petitioner's repeated opportunities for foreign travel, return to Poland after forming his political opinion, and resumption of employment for a government firm after his arrest, showed that despite some evidence pointing the other way, petitioner did not have a well-founded fear of persecution. There was substantial evidence on the record as a whole to support the BIA's and the IJ's decision. The case at bar is not like Desir v. Ilchert, 840 F.2d 723 (9th Cir.1988), because the persecution was much less intense in the case at bar, and there was substantial evidence that petitioner had little to fear if he returned. See Acewicz, 984 F.2d at 1061.
 
 
 4
 Petitioner's second argument is that he was denied due process because the IJ and BIA took administrative notice of the change of government in Poland without giving him an opportunity to argue that they should not. We review administrative notice decisions for abuse of discretion. Castillo-Villagra v. INS, 972 F.2d 1017, 1028 (9th Cir.1992).
 
 
 5
 At the beginning of the hearing, the INS lawyer proffered the country report and BHRHA letter, which discussed how the change from Communist to Solidarity leadership reduced the risk of persecution for pro-Solidarity anti-Communists. The IJ laboriously explained the significance of this proffer to Mr. Kurylowicz, who was then unrepresented by counsel, and gave him an opportunity to object to their admission. Mr. Kurylowicz said that he had no objection. The IJ and BIA did not abuse their discretion, in these circumstances, in considering the evidence of the effect of the change of government. This case is not like Castillo-Villagra, 972 F.2d at 1020-21, where notice was taken subsequent to the hearing and appeal, and the alien never had a chance to raise any question. This case is like Acewicz, where applicants were allowed to rebut the evidence presented at the hearing before the IJ. See Acewicz, 984 F.2d at 1061.
 
 
 6
 Petitioner's third argument is that the BIA and IJ decided the case on the basis of the country report and BHRHA letter, without giving individual attention to his circumstances. Each case must be evaluated on its own merits. Sarvia-Quintanilla v. INS, 767 F.2d 1387, 1393 (9th Cir.1985). The record shows that the IJ and BIA did indeed consider the individualized evidence relating to Mr. Kurylowicz, and did not merely follow the BHRHA letter and country report.
 
 
 7
 The petition for review is DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3